IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| LEA LAKESIDE-SCOTT, | ) | CIVIL NO. 02-1505-MO |
| | ) | |
| Plaintiff, | ) | ORDER ON POST-TRIAL MOTIONS |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY and JANN BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

**MOSMAN, J.,**

Before the court are defendant Multnomah County's renewed motion for judgment on partial findings (Docket #137), defendant Jann Brown's renewed motion for judgment as a matter of law (#139) and plaintiff Lea Lakeside-Scott's motion to modify the pretrial order (#154).

Following a jury verdict, plaintiff received economic damages of $140,000, non-economic damages of $10,000 and punitive damages of $500,000 for retaliation by Jann Brown after she engaged in protected speech.

I.  Jann Brown's Renewed Motion for Judgment as a Matter of Law

Defendant Brown seeks judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). Defendant Brown maintains that no reasonable jury could conclude that she retaliated against plaintiff by terminating her because she engaged in protected speech. She also argues that the punitive damage award be

PAGE 1 - ORDER ON POST-TRIAL MOTIONS

dismissed.

Under Rule 50, a court may grant a motion for judgment as a matter of law if "there is no legally sufficient evidentiary basis" for the jury's decision. The court must view the evidence in the light most favorable to the nonmoving party. Ace v. Aetna Life Ins. Co., 139 F.3d 1241, 1246 (9th Cir. 1998). Plaintiffs "should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each." Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 699 (1962).

To establish a prima facie violation of plaintiff's First Amendment rights, plaintiff must have proven that: (1) she engaged in protected speech, (2) she was subjected to an adverse employment action, and (3) her speech was a substantial or motivating factor for the adverse employment action. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Upon proving a prima facie case, defendant can prevail by proving "by a preponderance of the evidence that it would have reached the same [adverse employment] decision . . . even in the absence of the protected conduct." Id.

Brown does not challenge the first prong. On the second prong Brown argues that plaintiff failed to establish that she caused plaintiff's termination. Brown argues that the fact plaintiff was terminated is, standing alone, insufficient to

prove this prong because the evidence at trial established that Fuller made the decision to terminate plaintiff on her own.  In response, plaintiff argues that the jury had the following evidence.  First, that there were discrepencies in defendants' version of events between the time plaintiff filed her BOLI complaint and when she was terminated.  Second, there is proximity in time between plaintiff's filing of her BOLI complaint and the time it was decided to access Landis' computer and the discovery of plaintiff's journal.  Third, the fact that Brown admits to being shocked by the allegations in the BOLI complaint and that she took them personally.

These facts, however, do not directly contradict Fuller's statement that she alone made the decision to terminate plaintiff.  The court does recall some additional evidence that may suggest Brown could have had input to Fuller decision.  First, Ms. Fuller, Ms. Brown and County counsel met shortly before the decision to terminate plaintiff was made.  Second, plaintiff's computer was set up in Brown's office after plaintiff was placed on administrative leave.  This suggests that Brown was participating in the investigation and possibly the decision to terminate plaintiff.  While thin, this evidence does provide a legally sufficient basis for the jury's decision that Brown played a part in plaintiff's termination.

Defendant Brown does not appear to challenge the third

PAGE 3 - ORDER ON POST-TRIAL MOTIONS

prong, whether a jury could infer that plaintiff's speech was a substantial or motivating factor in her termination. Here, there is evidence that less than two months passed between her BOLI complaint and her being placed on administrative leave. Also, Ms. Brown admits to being shocked by the BOLI complaint and that she took its allegations personally. This is enough evidence to satisfy this prong.

Defendant Brown additionally argues that plaintiff would have been terminated regardless of her speech. Under this theory, "defendants were required to show that they would have taken the same action even in the absence of the protected conduct." Settlegood v. Portland Public Schools, 371 F.3d 503, 512 (9th Cir. 2004) (internal quotation omitted). This is a reasonable defense and one the jury rejected. The jury had evidence from Monna Hogue that plaintiff's suspension was in retaliation for her BOLI complaint. Also, Ms. Fuller was unable to determine whether her access to other employees' e-mails was accidental. As the Settlegood court noted, under Rule 50 I can only reverse the jury's decision if it is clear that the jury reached an erroneous result. Id. at 513. This the court cannot say.

Defendant Brown also argues that no reasonable jury could conclude that her conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference" to

PAGE 4 - ORDER ON POST-TRIAL MOTIONS

plaintiff's First Amendment rights.  <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983).  It was plaintiff's theory that she was terminated because she complained that her supervisors favored lesbians over hetrosexual women.  The jury found this to be so.  Given this finding, it is not a stretch to believe the jury would also find evil, retaliatory intent in plaintiff's termination.  This is especially true because the jury rejected the defense that plaintiff would have been terminated regardless because she was caught snooping in e-mails she was not authorized to access.

Consequently, the court rejects defendant Brown's argument that punitive damages should be dismissed.

II. <u>Multnomah County's Renewed Motion for Judgment on Partial Findings</u>.

Defendant Multnomah County seeks Judgment on Partial Findings pursuant to Fed. R. Civ. P. 52(c) on plaintiff's second claim for relief against the County under ORS 659A.203(c) and (d).  Plaintiff does not contest the dismissal of her claims under these subsection, therefore, defendant Multnomah County's motion (#137) is GRANTED.

III. <u>Plaintiff's Motion to Modify the Pretrial Order</u>

After agreeing to the dismissal of 659A.203(c) and (d), plaintiff realized that the pretrial order only listed those subsections as the basis for plaintiff's state law whistleblower claim.  Plaintiff states it fully intended, but neglected to include, ORS 659A.203(b) as its theory of recovery for

PAGE 5 - ORDER ON POST-TRIAL MOTIONS

whistleblower liability.

Federal Rule of Civil Procedure 16(e) provides that pretrial orders "shall control the subsequent course of the action unless modified by a subsequent order. The order following a final pretrial conference shall be modified only to prevent manifest injustice."

This court considers several factors in determining whether to modify a pretrial order: "(1) the degree of prejudice or surprise to defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking modification." Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1998). The parties are in substantial disagreement about the degree of prejudice and surprise to defendants. Plaintiff argues the County would not be prejudiced by the modification because: (1) voluminous documents were exchanged and depositions held in which the County probed the subsection (b) claim and (2) defendants focused their summary judgment arguments on subsection (b) and were, therefore, quite familiar with it. Defendants maintain that they would have presented different evidence at trial and if the amendment were allowed it would require a new trial.

The court finds that the degree of prejudice to defendants

is high and it would be exceptionally difficult to cure the prejudice. The impact of the amendment on the orderly conduct of trial is high given that defendants insist new evidence must be admitted. The court does not find willfulness or bad faith by plaintiff, but is concerned that plaintiff failed to notice the omission of subpart (b) in two pretrial orders and in defendants' motions to dismiss the whistleblower claim. The court therefore denies plaintiff's motion to amend the pretrial order.

Further, and independent of the denial of the motion to amend the pretrial order, the court finds that if even plaintiff were to prevail on the whistleblower claim, no new damages would be awarded because plaintiff has already recovered for the exact same harm in her federal claims for § 1983 for violating her First Amendment rights.

IV. Conclusion

For the reasons provided, defendant Multnomah County's renewed motion for judgment on partial findings (#137) is GRANTED, defendant Jann Brown's renewed motion for judgment as a matter of law (#139) is DENIED and plaintiff Lea Lakeside-Scott's motion to modify the pretrial order (#154) is DENIED.

IT IS SO ORDERED.

DATED: Portland, Oregon, May 23, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge