UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEA LAKESIDE SCOTT,

        Plaintiff,

v.

MULTNOMAH COUNTY, et al.,

        Defendant(s).

No. CV02-1505-MO

OPINION re: Attorney fees

**MOSMAN, J.,**

In this employment action, Plaintiff Lea Lakeside-Scott filed a 42 U.S.C. § 1983 claim against Defendants Jann Brown and Multnomah County ("County") claiming her First Amendment rights were violated. She also filed a state whistleblower claim against the County. Or. Rev. Stat. § 659A.203. The County prevailed on the § 1983 claim asserted against it at summary judgment, and after presentation of the evidence, I also granted Judgment on Partial Findings under Fed. R. Civ. P. 52(c) on the state-law claim. The § 1983 claim asserted against Ms. Brown was presented to a jury, resulting in a verdict for plaintiff in the amount of $650,000. Currently pending before the court are plaintiff's petition for attorney fees and costs and the County's bill of costs.

Plaintiff seeks an award of fees in the amount of $146,870.16 and costs in the amount of $4,699.61. The County seeks to recover costs in the amount of $6,100.65. For the reasons discussed below, plaintiff's petition is granted in part and denied in part, and she is awarded $141,582.66 in attorney's fees and $4,458.97 in costs. The County's bill of costs is granted in full.

**Discussion**

I.) Plaintiff's Attorney's Fees

Ms. Lakeside-Scott seeks fees for her lead attorney, George Fisher, a contract attorney, paralegal services, and computer research. Defendants do not object to plaintiff's request as to the contract attorney, the paralegal services, or the computer research. As required, I have conducted an independent review of these expenses and find that they are reasonable. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992). Specifically, I note that this court has recognized that computer research expenses are recoverable as part of attorney's fees. *See Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995) (agreeing with "modern jurisprudential trend which treats computerized legal research fees as a component of attorney's fees rather than costs"). Thus, the following discussion primarily relates to Mr. Fisher's fees.

This court has discretion to award attorney's fees to the prevailing party in a § 1983 case. 42 U.S.C. § 1988. The defendants do not dispute that Ms. Lakeside-Scott is a prevailing party and entitled to attorney's fees. Rather, the sole dispute relates to calculation. Calculating a reasonable fee award is a two-step process. First, the court must calculate the "lodestar" by multiplying the "number of hours reasonably expended on the litigation" by a reasonable hourly rate. *Dang v. Cross*, 422 F.3d 800, 812 (9th Cir. 2005) (internal quotations and citations

omitted). Second, the court must decide whether to adjust the lodestar amount in light of "other factors that bear on the reasonableness of the fee."[1] *Id.*

    A. Reasonable Hourly Rate

Mr. Fisher set his rate in this case at $225.00 an hour. Again, the defendants do not object to this rate, however, I am required to conduct an independent review for reasonableness. *Gates*, 987 F.2d at 1401. Reasonableness of an attorney's rate is determined by looking at the "prevailing market rates in the relevant legal community." *Id.* at 1405. In this court, the Oregon State Bar Economic Survey[2] is the initial benchmark. Fisher Aff. in Supp. of Atty. Fees, Ex. 1 (Message From The Court Regarding Attorney Fee Petitions). Based on this survey, Mr. Fisher's rate is near the 75th percentile. However, Mr. Fisher has submitted supporting affidavits from two Portland employment attorneys indicating that the survey, published in 2002, is out of step with recent rate increases, and that while Mr. Fisher's rate is at the upper level of the prevailing market, given his level of experience and the nature of this case, $225 is a reasonable rate. Based on this evidence, I find that Mr. Fisher's rate is reasonable.

    B. Reasonable Hours Expended

Defendants argue Ms. Lakeside-Scott is not entitled to her full fee request because she

---

[1] These factors can include:
(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fees; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and availability of the attorney; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.
*Gates*, 987 F.2d at 1402 n.12.

[2] Available at http://www.osbar.org/surveys_research/snrtoc.html (September 2002).

PAGE 3 - OPINION re: Attorney Fees

only achieved partial success in the litigation. Where the plaintiff achieves partial success, the court conducts a two-step inquiry in determining the reasonable amount of hours expended for purposes of calculating attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). First, the court determines whether the successful claim is related to the unsuccessful claim(s). *Id.* Time spent litigating unrelated claims is excluded from the fee award. *Id.* at 435. However, where the claims are related, the court proceeds to the second part of the analysis and determines whether the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* at 434.

    1. Relatedness

  In *Hensley*, the Supreme Court held that litigants are not entitled to recover fees incurred litigating claims unrelated to those claims which are successful because the time spent on any unrelated claims is not spent "in pursuit of the ultimate result achieved." 461 U.S. at 435; *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995). The Ninth Circuit has held that claims are related when they "involve a common core of facts *or* are based on related legal theories." *Dang*, 422 F.3d at 813 (internal quotations and citation omitted). The focus of this inquiry is on "whether the unsuccessful and successful claims arose out of the same 'course of conduct.'" *Id.* (citing *Schwarz*, 73 F.3d at 903). Where this type of factual or legal commonality exists, claims are deemed related because it is "difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. Rather, counsel's time is generally devoted "to the litigation as a whole." *Id.*

  Here, Ms. Lakeside-Scott only prevailed on her § 1983 claim against Ms. Brown, the individual County employee. Her § 1983 claim and state-law claim against the County were

unsuccessful. However, Ms. Lakeside-Scott sought to remedy the same *general* course of conduct–the treatment she was subjected to in connection with making complaints against the workplace and her employer–in each of these claims. Undeniably, the legal standards at issue in the federal and state-law claims are different. *Compare Hudson v. Craven*, 403 F.3d 691, 695 (9th Cir. 2005) ("In a prototypical [§ 1983] retaliation scenario, to establish a prima facie case under the First Amendment, a public employee . . . must show that (1) she engaged in protected speech; (2) the defendants took an adverse employment action against her; and (3) her speech was a substantial or motivating factor for the adverse employment action.") (internal quotations and citation omitted), *with* Or. Rev. Stat. §§ 649A.203(c) (unlawful to require employee to give notice before discussing public employee mismanagement) *and* (d) (unlawful to "[d]iscourage, restrain, dissuade, coerce, prevent, or otherwise interfere with" discussions about employee mismanagement). Likewise, there is a different standard of liability for an individual defendant and a government entity defendant under § 1983. But, the same core of facts are at issue in each claim. Plaintiff had to establish that she spoke critically about workplace conditions or practices, and as a result, she was treated unfavorably by her superiors or her employer. Thus, despite the difference in the ultimate legal standards, the claims are "related" in the sense that time spent on discovery and other litigation activities for one, likely contributed to the others. For example, when plaintiff took the depositions of various County employees, including Ms. Brown, she undoubtedly learned facts relevant to each of her claims. It would be extremely difficult, if not impossible, to separate the time spent on one claim as opposed to the others given the claims' common factual context and the relationship between the defendants. Thus, I conclude plaintiff's claims are related.

2. Degree of Success

The "most critical factor" in determining the reasonable amount of hours expended in litigation is the degree of success achieved. *Hensley*, 461 U.S. at 436. In addressing this factor, the court analyzes the relationship between the plaintiff's success and the amount of fees awarded. *Id.* at 438. There is no precise formula or other mechanism governing this analysis, and "a litigant need not prevail on every claim in order to receive a full fee." *Gates*, 987 F.2d at 1404. Indeed, where a litigant receives an otherwise "excellent result[] . . . the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435; *Dang*, 422 F.3d at 813.

Here, even though plaintiff prevailed on only one of her claims, the $650,000 verdict ($140,000 in economic damages, $10,000 in non-economic damages, and $500,000 in punitive damages) is a very good result, and it is unlikely she would have recovered much more had she prevailed on all of her claims. In addition, the fee request is not out of proportion with the jury's verdict. The jury awarded plaintiff well-over four times the amount she is requesting in attorney's fees. Under these circumstances, "the level of [plaintiff's] success makes the hours reasonably expended a satisfactory basis for making a fee award," and a reduction based on degree of success achieved is not warranted. *Dang*, 422 F.3d at 812-13 (internal quotations and citation omitted). Thus, the lodestar figure in this case is $146,870.16, the amount requested by plaintiff.

D. Adjustments to the Lodestar

Defendants make two additional arguments in support of reducing the amount of plaintiff's fees: (1) Mr. Fisher's time spent reviewing documents was excessive, and (2) work

incurred as a result of Mr. Fisher's error should be excluded.  First, defendants argue the time spent reviewing documents was excessive therefore the time Mr. Fisher spent reviewing documents submitted by them should be included in the fee award, but the time he spent reviewing documents submitted by Ms. Lakeside-Scott should be excluded.  In support of this position, defendants argue plaintiff's documents were largely cumulative.  Certainly, reviewing one's own client's documents can be just as important to the outcome of litigation as reviewing documents submitted by the opposing party.  And as I have previously concluded the amount of time counsel spent in this case is not out of line with the result achieved, I am not inclined to reduce the fee award on this basis.

Defendants also argue they should not be required to pay fees related to Mr. Fisher's error.  Mr. Fisher admits he negligently omitted one of his intended state-law claims from the pre-trial order.  He did not realize his error until the end of trial, and thereafter he spent over 20 hours preparing and filing a post-trial memorandum seeking to include the omitted claim and a motion to amend the pre-trial order.  Defendants argue it is unjust to require them to pay for these fees.  I agree.  In general, there is a presumption in favor of awarding fees to the prevailing party.  *Hensley*, 461 U.S. at 429; *Herrington v. County of Sonoma*, 883 F.3d 739, 743 (9th Cir. 1989) ("[F]ee awards should be the rule rather than the exception.") (internal quotations and citation omitted).  But, where "special circumstances" exist making an award of fees unjust, the court can exercise its discretion and depart from the general rule.  *Hensley*, 461 U.S. at 429; *Herrington*, 883 F.3d at 744.  Such circumstances exist here.  As I indicated in my order denying plaintiff's motion to amend, Mr. Fisher could have recognized his error in the two pre-trial orders filed in this case as well as the County's motion to dismiss the state-law claims, and had he

attempted to remedy the problem before the end of trial, he likely would have been allowed to include the omitted claim. Thus, because Mr. Fisher's time at issue here was unnecessary, and more importantly, completely avoidable, it is unreasonable to require defendants to pay this portion of his fees. As I stated before, I do not find that Mr. Fisher acted willfully or in bad faith, but this does not change the fact that, under these circumstances, it is unjust to shift the expense of his error to the opposing party. Thus, the billing entries for 1/10/05, 1/17/05, 1/20/05, and 2/7/05 are excluded. Likewise, half of the time billed on 12/23/05 is excluded because on that day, Mr. Fisher billed for two activities, one of which related to his post-trial attempt to remedy his error. All together, these activities total 23.5 hours, reducing plaintiff's fee request by $5287.50.

I have also considered the additional *Kerr* factors relevant to determining a reasonable fee award, including the difficulty of the legal and factual issues of the case and counsel's inability to accept other employment, and conclude no further adjustments to the lodestar are warranted.

II.) Litigation costs

Ms. Lakeside-Scott and the County also seek to recover their litigation costs under 28 U.S.C. § 1920. The district court has discretion in awarding costs, but that discretion is limited to those costs enumerated in § 1920.[3] *Alflex Corp. v. Underwriters Labs, Inc.*, 914 F.2d 175, 177

---

[3]The statute provides:
A judge or clerk of any court of the United States may tax as costs the following:
  (1) Fees of the clerk and marshal;
  (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;

(continued...)

(9th Cir. 1990). However, this limitation does not "prevent courts from interpreting the meaning of the phrases used in § 1920." *Id.* (internal quotations and citation omitted).

A. Plaintiff's costs

Ms. Lakeside-Scott seeks costs in the amount of $4,699.61. Defendants object to plaintiff's request in that she seeks $45.00 for service of a subpoena, $85.64 for trial supplies, and $155.00 for a verdict scan. Defendants argue these costs are not recoverable. In interpreting § 1920, the Ninth Circuit ruled that service of subpoena expenses are recoverable, even when performed by a private party, as part of "Fees of the clerk and marshal." 28 U.S.C. § 1920(1). *Alflex Corp.*, 914 F.2d at 178. Defendants argue this is not a properly taxable cost in this case because the witness and documents at issue in the subpoena were excluded from trial. However, whereas other costs categories in § 1920 specify the items must be "for use in the case," this category has no such qualifier. Thus, I conclude this is a taxable cost. As for plaintiff's "Trial supplies (binders)" and "Verdict Scan" expenses, I find no basis in § 1920 for awarding these costs. Ms. Lakeside-Scott is awarded costs in the amount of $4458.97.

B. Defendant County's costs

The judgment in this case also specifies the County recovers its costs, and it has requested $6,100.65. Defense counsel asserts the requested costs are correct and necessarily

---

$^3$(...continued)
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.*

incurred, and upon review, I find that they are reasonable. Thus, the County is awarded its total request, $6,100.65.

## Conclusion

Plaintiff's petition for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART, and plaintiff is awarded $141,582.66 in fees and $4,458.97 in costs. Defendant Multnomah County's bill of costs is GRANTED, and it is awarded $6,100.65.

IT IS SO ORDERED.

DATED this ___7th___ day of December, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge